# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DERRICK WEI CHEN GAN, | Case No.: 2:20-cv-00947-APG-NJK |
| Petitioner-Plaintiff, | |
| v. | **Order** |
| CHAD WOLF, et al., | |
| Respondents-Defendants. | |

Petitioner-plaintiff Derrick Wei Chen Gan has submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Gan states that he is in the custody of Immigration and Customs Enforcement (ICE) and is housed at the Henderson Detention Center. This order is my initial review under the Rules Governing Section 2254 Cases.[1]

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Gan alleges that he has requested expedited removal due to his risk of infection of COVID-19 during his continued detention at a facility where COVID-19 has been detected. Gan

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order are to the Rules Governing Section 2254 Cases in the United States District Courts.

claims that (1) ICE is violating his Fifth Amendment due process rights by continuing to detain him in light of the COVID-19 pandemic, as he does not have recourse for administrative review after requesting expedited removal; (2) ICE is violating his Eighth Amendment right to be free from cruel and unusual punishment, as his continued detention unnecessarily places him at risk for contracting COVID-19; and (3) ICE's continued detainment is arbitrary and capricious in violation of the Administrative Procedures Act, as he has made arrangements for immediate removal at his own expense.

The petition will be served on the respondents-defendants, and in light of the emergent nature of the allegations, the respondents-defendants must respond to the petition **by June 5, 2020**.

I THEREFORE ORDER the Clerk to **SERVE** copies of the petition and its attachments (ECF No. 1) and this order upon the respondents-defendants as follows:

1.    By having the United States Marshal, **before the close of business on May 29, 2020,** serve a copy of the petition and its attachments (ECF No. 1) and this order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney under Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.

2.    And, by sending a copy of the petition and its attachments (ECF No. 1) and this order by registered or certified mail to the following:

(1) Robert Culley, Field Office Director, U.S. Immigration and Customs Enforcement, 2975 Decker Lake Drive, Suite 100, West Valley City, UT 84119; and

(2) Chad Wolf, Acting Secretary for the Department of Homeland

Security, 245 Murray Lane SW, Washington, D.C. 20528.

I FURTHER ORDER that the respondents-defendants **SHALL FILE AND SERVE** an

answer to the petition (ECF No. 1) **by June 5, 2020**, unless for good cause additional time is

allowed.

I FURTHER ORDER that if respondents-defendants file an answer to the petition,

Petitioner-plaintiff Derrick Wei Chen Gan will have seven days to file a reply to the answer.

I FURTHER ORDER that all exhibits filed by any party shall be filed with a **separate**

**index of exhibits** identifying the exhibits by number or letter.  The CM/ECF attachments that are

filed further shall be identified by the number or letter of the exhibits in the attachment.  For this

case, **NO PAPER COURTESY COPIES** are required.

Dated: May 29, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE